IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MCFADDEN | : | CIVIL ACTION |
| v. | : | |
| JOHN E. WETZEL, et al. | : | NO. 13-2956 |

ORDER

AND NOW, this 22nd day of October, 2013, upon consideration of petitioner Michael McFadden's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), our Order referring this matter to the Honorable Lynne A. Sitarski for a report and recommendation (docket entry # 6), and Judge Sitarski's report and recommendation ("R&R") (docket entry # 7), to which neither party has filed an objection within the period specified by Loc. R. Civ. P. 72.1 IV (b), and the Court finding that:

(a) McFadden was arrested and charged with murder, robbery, and related offenses on July 7, 1989, based on events that took place on March 24, 1989, R&R at 1;

(b) McFadden was born on November 11, 1971, and he was thus seventeen when the crime occurred, see Court of Common Pleas of Philadelphia County, Criminal Docket No. CP-51-CR0722542-1989; R&R at 5 n.5;

(c) On June 25, 2012, the United States Supreme Court decided Miller v. Alabama, 132 S. Ct. 2455 (2012), in which it held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'", id. at 2460;

(d) On July 13, 2012, McFadden filed a pro se PCRA petition arguing that his life sentence violated Miller's prohibition on mandatory sentences of life without parole for juveniles, R&R at 2, and this petition is currently pending in the Philadelphia Court of Common Pleas, id.;

(e) Because his petition is still pending, McFadden has not exhausted his state claims, and we thus lack jurisdiction to hear his habeas petition, see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A);

(f) The Pennsylvania Supreme Court has not yet decided whether Miller applies retroactively to those whose sentences became final before the decision, but the Pennsylvania Supreme Court is considering the retroactivity question in

2

Commonwealth v. Cunningham, No. 38 EAP 2012, which was argued on September 12, 2012 and is currently pending;

(g) Judge Sitarski recommends staying the case pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005), which allowed for a stay where a petition contains both exhausted and unexhausted claims, and Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009), in which our Court of Appeals held that courts may stay petitions containing only unexhausted claims;

(h) As our Court of Appeals has explained, under Rhines, we may stay a habeas proceeding where "(1) good cause exists for the petitioner's failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory or abusive tactics", Grundy v. Pennsylvania, 248 Fed. App's 448, 451 (3d Cir. 2007) (citing Rhines, 544 U.S. at 277-78);

(i) Here, Judge Sitarski found that there was good cause for petitioner's failure to exhaust his claims because "the Miller case was not decided until June, 2012, only one month before he filed an amended PCRA petition adding a claim based on Miller", R&R at 5;

(j) Our understanding of the good cause assessment is that we are to determine not whether McFadden had good cause for failing to pursue his claim earlier, but whether he has good cause for failing to exhaust his state claim before bringing the instant habeas petition;

(k) Here, where the failure to exhaust arises out of McFadden's failure to wait until the court decided his PCRA petition before filing this habeas petition, we cannot attribute the failure to exhaust to the recency of the Miller decision;

(l) However, because McFadden proceeds pro se, and in light of the other two prongs of the Rhines inquiry, we find that good cause exists for the confusion that resulted in his failure to complete the PCRA process before submitting this habeas petition;

(m) With regard to the next factor -- whether McFadden's unexhausted claims are "plainly meritless" -- we find that they are not as we agree with Judge Sitarski that "if it is determined that Miller should apply retroactively, it would appear to apply in Petitioner's case, as it appears he was a juvenile when he committed the crime and received a mandatory life sentence without the possibility of parole", R&R at 4-5;

(n) Finally, we agree with Judge Sitarski's conclusion that there is nothing to suggest that McFadden has engaged in dilatory or abusive tactics, particularly in light of the fact that he brought the Miller claim in his PCRA petition shortly after the United States Supreme Court decided the case; and

(o) We will therefore stay McFadden's case pending the outcome of his state PCRA proceedings;

It is hereby ORDERED that:

1. Judge Sitarski's report and recommendation (docket entry # 7) is APPROVED and ADOPTED;

2. McFadden's petition for habeas corpus (docket entry # 1) is STAYED pending the outcome of the Post-Conviction Relief Act proceedings;

3. McFadden and Respondents shall notify this Court within two weeks of the conclusion of McFadden's state proceedings and inform the Court of the status of his habeas petition at that point; and

4. The Clerk of Court shall TRANSFER this case from the Court's Active docket to our Civil Suspense docket.

BY THE COURT:

/s/ Stewart Dalzell, J.